Dear Senator Marionneaux:
In 1988, this office issued Attorney General Opinion 88-626, answering in the affirmative the question of whether the principals involved in the ownership of a nursing home may also own a pharmacy that provides prescription drugs to the residents of the nursing home. This opinion was predicated upon state law pertinently providing:
 § 2010.8. Residents' bill of rights
 A. All nursing homes shall adopt and make public a statement of the rights and responsibilities of the residents residing therein and shall treat such residents in accordance with the provisions of the statement. The statement shall assure each resident the following:
 (12) The right to select a personal physician; to obtain pharmaceutical supplies and services from a pharmacy of the resident's choice. at the resident's own expense or through Title XIX of the Social Security Act: and to obtain information about, and to participate in, community-based activities and programs, unless medically contraindicated, as documented by a physician in the resident's medical record, and such participation would violate infection control laws or regulations. See R.S. 40:2010.8 (Emphasis added).
Further, the author of Opinion 88-626 cited federal rules which call for "free choice providers" at 42 C.F.R. § 431.51, in acknowledgement of a nursing home resident's right to obtain pharmaceuticals at a place of the resident's choice.
Subsequent to the issuance of Opinion 88-626, in the 1997 Regular Legislative Session, the legislature enacted the "Medical Assistance Programs Integrity Law", R.S. 46:437.1, et seq. The legislative intent and purpose of the Act is to "protect the fiscal and programmatic integrity of the medical assistance programs from health care providers and other persons who engage in fraud, misrepresentation, abuse, or other ill practices to obtain payments to which these health care providers or persons are not entitled." See R.S. 46:437.2.
It has been suggested that R.S. 46:438.2 defining "illegal remuneration" might have some impact on our conclusion in Opinion 88-626. of concern is the following language of R.S. 46:438.2 (A):
 § 438.2 Illegal remuneration
 A. No person shall solicit, receive, offer or pay any remuneration, including but not limited to kickbacks, bribes, rebates, or bed hold payments, directly or indirectly, overtly or covertly, in cash or in kind, for the following:
 (1) In return for referring an individual to a health care provider, or for referring an individual to another person for the purpose of referring an individual to a health care provider, for the furnishing or arranging to furnish any good, supply, or service for which payment may be made, in whole or in part, under the medical assistance programs.
 (2) In return for purchasing, leasing, or ordering, or for arranging for or recommending purchasing, leasing, or ordering any good, supply, or service, or facility for which payment may be made, in whole or in part, under the medical assistance programs.
 (3) To a recipient of goods, services, or supplies, or his representative for which payment may be made, in whole or in part, under the medical assistance programs.
The foregoing cited statute does not change our conclusion in Opinion 88-626, namely, that Louisiana law does not prohibit the ownership of a nursing home from owning an interest in a pharmacy serving the patients of that nursing home. In fact, R.S. 46:437.13B(3)(c)(iv) recognizes that health care providers may have ownership interests in other health care providers or related entities. However, the question of whether the business transactions between the nursing home and the pharmacy, who share common ownership, constitute a violation of R.S. 46:438.2 is within the jurisdiction of the Department of Health and Hospitals and is a factual determination, not an issue of law.
Should you have further questions in which we may provide assistance, please contact this office.
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ KERRY L. KILPATRICK Assistant Attorney General
KLK:ams
OPINION NUMBER: 88-626
February 6, 1989
La. R.S. 40:2010.8 (12) 87 — Pharmacy 22-2 — Drugs
Louisiana law does not prohibit the ownership or management of a nursing home from owning an interest in a pharmacy serving the patients of that nursing home.
Senator Michael A. Cross Post Office Box 94183 Baton Rouge, Louisiana 70804
Dear Senator Cross:
Your opinion request presented the following question:
 Is the ownership or management of a nursing home prohibited by rule or statute from having an ownership interest in a pharmacy serving the patients under their control."
Our research and inquiry has found no such prohibition in Louisiana or Federal statutes and rules. Therefore, it is our opinion that the ownership or management of a nursing home is not prohibited from having an interest in a pharmacy serving patients in the home.
"Freedom of choice" is the rule contained in the Louisiana statutes, at LA. R.S. 40:2010.8 (12) which states as follows:
 A. All nursing homes shall adopt and make public a statement of the rights and responsibilities of the residents residing therein and shall treat such residents in accordance with the provisions of the statement. The statement shall assure each resident the following:
 (12) . . . to obtain pharmaceutical supplies and services from a pharmacy of the resident's choice, at the resident's own expense or through Title XIX of the Social Security Act.
Federal rules also call for "Free choice providers" at42 C.F.R. § 431.51.
A nursing home resident can obtain pharmaceuticals at a place of the resident's choice.
In summary, we find no Louisiana prohibition against a nursing home owner or management also owning a pharmacy that serves the nursing home patients, as long as those patients have the right to buy pharmaceuticals at a place of their choice.
We hope the above has been helpful to your inquiry and should you have further questions, please contact our office.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 By: __________________________ JAMES M. ROSS Assistant Attorney General
JMR:rmh